BRACKETT v. SEAVEY et al.

(Supreme Court, Trial Term, Saratoga County.   November 17, 1911.)

1. ATTORNEY AND CLIENT (§ 123*)—BUSINESS TRANSACTIONS—ASSIGNMENT BY
CLIENT.

An assignment by a client to his attorney to secure loans in business
transactions in which the attorney acted for the client will not stand
if indications of undue advantage exist.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§
239–245, 247–249; Dec. Dig. § 123.*]

2. ATTORNEY AND CLIENT (§ 123*)—ASSIGNMENT BY CLIENT TO ATTORNEY—
FRAUD.

That an attorney who took an assignment from his client for money
advanced would not make an additional advance unless the assignment
was executed was not an indication of fraud.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 123.*]

3. WILLS (§ 743*)—ASSIGNMENT OF INTEREST IN ESTATE.

The right, title, and interest in the estate of a decedent under his
will is assignable.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1907–1910; Dec.
Dig. § 743.*]

4. TRUSTS (§ 166*)—REMOVAL OF TRUSTEE—GROUNDS.

The assignee of an interest in the estate of a decedent under his will
was not entitled to the removal of the trustees for their acts in loaning
money without security, and in permitting the securities to be kept with-
in the reach of the assignor, who hypothecated some of them for his per-
sonal debts; the loan having been repaid, the hypothecated securities
redeemed, and the trustees being under ample bond.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 217, 218; Dec.
Dig. § 166.*]

5. COSTS (§ 62*)—BOTH PARTIES SUCCESSFUL—APPORTIONMENT.

While it is usual for the court in equity cases in which both parties
are partially successful to allow or deny costs to both, an attorney seek-
ing to enforce an assignment to him by clients of an estate in the hands
of trustees was entitled to costs, on clearly establishing a valid assign-
ment, nothwithstanding his failure to show grounds for removal of the
trustees, where the clients made ungrounded charges of fraud against
the plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 273, 274; Dec.
Dig. § 62.*]

6. COSTS (§ 164*)—EXTRA ALLOWANCE—DIFFICULT CASE.

An action by an attorney to enforce an assignment to him by his
clients of an interest in an estate, and for removal of trustees and an
accounting, held a difficult and extraordinary case, entitling plaintiff
to an extra allowance of costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec.
Dig. § 164.*]

Action by Edgar T. Brackett against Elizabeth S. C. Seavey and
others to foreclose a lien on a future interest in an estate, to remove
trustees, and compel an accounting.   Judgment for plaintiff enforc-
ing the lien and against him as to removal of trustees and for account-
ing.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hiram C. Todd (Edgar T. Brackett and W. E. Bennett, of counsel), for plaintiff.

Beardsley, Hemmens & Taylor (Henry J. Hemmens and George Tiernan, of counsel), for defendants.

J. A. KELLOGG, J.  In the summer of 1907 Henry S. Clement, one of the defendants, the proprietor of a summer hotel in Saratoga Springs, N. Y., known as Congress Hall, desiring to increase his activities by the acquisition of a hotel open during the other seasons of the year, entered into negotiations for the purchase of the capital stock of the Marseille Hotel Company, a corporation which owned the fixtures and was the lessee of a hotel property on the corner of Broadway and 103d street in New York City.  It became necessary for him to raise for this purpose the sum of $45,000 in cash.  With this object in view, he turned to the plaintiff, who for many years had been his friend and acquaintance, and who had assisted him in financing the Congress Hall property at Saratoga.  As a result of the negotiations between these parties the plaintiff raised the sum of $45,000 in cash for this enterprise.  Twenty-five thousand dollars of the amount of it he loaned directly to Henry S. Clement on his promissory notes, $10,000 of the amount was secured by his indorsement of the notes of the hotel company, which were afterwards succeeded at renewal by notes signed by the defendant Henry S. Clement, Jr.  The remaining $10,000 was raised upon a note indorsed by the plaintiff, the makers of which were the defendant Elizabeth S. C. Seavey, and Henry S. Clement, Jr., a daughter and son of Henry S. Clement, Sr.  There was no collateral security given at the time to secure these loans or obligations, except policies of life insurance to the amount of about $23,000, but payable only upon the death of Henry S. Clement.  The transactions were completed about the 1st of October, 1907, and at that time or shortly thereafter the plaintiff, without any further security, also obligated himself by executing a continuing guaranty to Acker, Merrill & Condit Company to secure it for goods furnished to Henry S. Clement or to the hotel to the amount of $1,300.

The notes to the amount of $10,000, indorsed by the plaintiff, originally given by the hotel company, and afterwards on renewal executed by Henry S. Clement, Jr., were paid by the plaintiff prior to the commencement of the action.  The note of $10,000, signed by the defendants Elizabeth S. C. Seavey and Henry S. Clement, is held by the Adirondack Trust Company, and a judgment has been obtained by that company against the makers and against James A. Seavey, an indorser prior to the plaintiff, but the plaintiff has not paid this obligation, and the trust company is seeking to realize thereon through a trustee in bankruptcy in the action of Clowe v. Seavey, 131 N. Y. Supp. 817, which action was tried immediately prior to the action at bar, and an opinion therein is being handed down contemporaneously with the rendition of this opinion.  Interest was paid on the obligation originally made by the hotel company down to July 1, 1910, and upon the promissory notes of the defendant Henry S. Clement $5,000 was paid August 25, 1908, and $3,160.86 was paid June 28, 1910, being the avails

of life insurance policies pledged as collateral. These constitute the only payments, and there is unpaid upon these various obligations the sum of $33,924.65, including $800 paid upon the guaranty to Acker, Merrill & Condit Company, and including interest computed to November 15, 1911. The plaintiff acted as attorney and counsel for the defendants and for the hotel company during these transactions and negotiations. The assertion that he has an interest in the business is wholly without foundation in the proof, although it was proposed by the defendant Henry S. Clement in a letter which he wrote prior to the acquisition of the hotel property, under date of June 27, 1907, that he would give the plaintiff as his attorney one-half of the profits made by the hotel company as his fees. This might have been a substantial recompense for legal services rendered if the hotel had proved a successful venture, but such was contrary to the actual experience. There is no suggestion anywhere in the transaction, in any of the conversations between the parties, in their correspondence, or in any of the papers drawn, which indicates so far as the raising of the $45,000 was concerned that it was anything more than a loan from the plaintiff to the defendant Henry S. Clement, and, in fact, the plaintiff expressly and decidedly refused to make any investment in the hotel business. Early in the summer following the acquisition of the hotel property, it became apparent that more money was necessary or the defendant Henry S. Clement would be unable to keep the hotel open during the dull months of that season.

The defendant Henry S. Cement, Jr., was employed as a clerk in the hotel, and was familiar with its workings. Five thousand dollars in money was imperatively needed. In this extremity James A. Seavey, the husband of the defendant Elizabeth S. C. Seavey, came to Saratoga, and as a result of interviews there had the plaintiff agreed to advance a further sum of $5,000. For this advancement he took a second mortgage upon the furniture in the hotel, a prior chattel mortgage having been given to secure the rent up to a certain amount, and also took an assignment of the lease in the hotel property. In addition to this security, he, at that time, took the assignment over which this litigation arises. This assignment is as follows:

"Know all men by these presents, that I, Henry S. Clement, Jr., of the borough of Manhattan, city and state of New York, party of the first part, for value received, do hereby sell, assign, transfer, convey, and set over unto Edgar T. Brackett of the village of Saratoga Springs, N. Y., party of the second part, all my right, title and interest in and to the estate, or any part thereof, of William H. Clement, deceased, of Cincinnati, Ohio, under the last will and testament of said William H. Clement, deceased, which was duly admitted to probate by the probate court of the county of Warren, state of Ohio, on the 22nd day of January, 1887, and duly admitted to probate by the Surrogate's Court of Saratoga county, New York, on the 11th day of March, 1889, and recorded in Book of Wills 31 at page 245, and all interest of every name and nature therein and thereunder that I now have or may hereafter acquire, or become vested with.

"This assignment is made as security for the payment to the said Brackett of any loan, note, check, draft or other obligation now or hereafter held, owing, due to, or endorsed by said Brackett, for or on account of Marseille Hotel Company a corporation organized under the laws of the state of New York and now engaged in operating Hotel Marseille, 103rd street and Broadway, New York City, or Henry S. Clement, Sr., father of the party of the first

part, or said Henry S. Clement, Jr., or any renewal or renewals thereof, or of either of them, and to save the said Brackett harmless from all loss, cost or damage that he may sustain as aforesaid, or as endorser, holder, or owner of any note, check, draft, or other obligation of the said Marseille Hotel Company, or the said Henry S. Clement, Sr., or said Henry S. Clement, Jr., or any renewal or renewals thereof, or of either of them.

"In witness thereof the party of the first part has hereunto set his hand and seal the 31st day of July, 1908.          H. S. Clement, Jr. [L. S.]"

The plaintiff also took at the same time a similar assignment from Henry S. Clement of his interest in the estate of William H. Clement.

[1] The defendant claims that these assignments were procured by fraud. The defendant Henry S. Clement, Jr., asserts that when he executed the assignment, although he read it over, he did not understand that it was a general security for prior advances, but supposed it was only additional security for the $5,000. But he concedes, however, that two days later, having read over a copy which was furnished him, he thoroughly understood the nature of the instrument, but made no attempt to have it rescinded or to refund the money procured thereunder. At this time the plaintiff was the confidential legal adviser of the defendant, and, if there was the slightest thing in the transaction that in any way indicated the taking of undue advantage, the assignment should not for a moment be permitted to stand.

[2] When pressed to reply as to what he deemed the fraud consisted of, the defendant Clement, Jr., placed himself upon the ground that he was compelled to sign the instrument or the $5,000 would not have been loaned. This is the usual condition of borrowers of whom security is required, and, if such a defense be available here, it would be equally available in any case where a borrower complies with conditions insisted upon by the lender, which he prefers to avoid, but which he is compelled to accept in order to procure the loan.

There was certainly no fraud of any nature, either express or implied, practiced by the plaintiff upon any of the defendants, and throughout the entire transaction the victim of misplaced confidence was the plaintiff, rather than any of the defendants.

[3] It has been further urged that the interest of the defendant Henry S. Clement, Jr., in the estate, is not assignable. He would be estopped as a matter of equity from asserting such defense in this action if it were otherwise available, but, for the reasons stated at length in the opinion in the case of Clowe v. Seavey, the interest was assignable and passed to the plaintiff by the assignment as collateral security for his advances. He is entitled, therefore, to a judgment foreclosing his lien, which with interest to November 15, 1911, should be adjudicated in the amount of $33,924.65, which does not include his liability upon the $10,000 note held by the Adirondack Trust Company upon which he is the indorser.

[4] As to the second branch of the case, the plaintiff is not entitled to the relief demanded. He seeks to have the trustees of the fund removed and requests an accounting, and in the failure to obtain such relief asks that they be enjoined from removing the security beyond the jurisdiction of this court.

These trustees are appointed by the probate court of Warren coun-

ty, in the state of Ohio, in substitution for testamentary trustees appointed by a will admitted to probate in that court. Ancillary letters were subsequently issued to them in this state. They gave a bond for the security and fidelity of their trust, which so far as it appears here was amply sufficient.

The breach of trust charged is that at one time they loaned $1,037 upon an unsecured note of Congress Hall Company, and, further, the securities were kept at one time in the family safe deposit box, where Henry S. Clement, having access to them, hypothecated some of them to secure a personal loan. The note of Congress Hall has been paid, Henry S. Clement's private loan has been paid, and the securities have been returned to the trustees. They have now placed them where they are not accessible to Henry S. Clement, and testify that they had no knowledge of his use of them at the time, in which statement they are corroborated by him.

In view of the fact that the trustees are under ample bonds, and the estate appears to be fully secured, there is no sufficient reason for their removal under conditions as they now exist, or for any interference with their administration.

Furthermore, it is not entirely clear that trustees appointed by a probate court in the state of Ohio can be properly removed or their movements restricted in the first instance by the Supreme Court of the state of New York.

The plaintiff is entitled to enforce his lien, but is not entitled to the removal of the trustees or an accounting by them, or any restraining order limiting their operations.

[5, 6] In this condition, when both parties are partially successful, the discretion of the court in an equity action as to allowance of costs is usually exercised either to allow costs to both parties or to deny costs to both. In this action, however, an unusual situation exists. The defendants in their verified answer have charged the plaintiff, who is an officer of this court, with fraud, and there is not the slightest scintilla of evidence in the case to support the charge. Under these circumstances, this court will exercise its discretion and award costs to the plaintiff only, and, it being a difficult and extraordinary case, will award to him an extra allowance of $250, all of said costs being payable out of the fund realized upon foreclosure.